# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**CHARLES ASHFORD**                                                              **PLAINTIFF**
**ADC #133975**

**V.**                              **CASE NO. 5:09CV00224 JLH/BD**

**WALTER WASHINGTON,** *et al.*                                      **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.      Procedures for Filing Objections:

The following Recommended Disposition has been sent to Chief United States

District Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from receipt of the recommendations.  A copy will be furnished to

the opposing party.   Failure to file timely objections may result in a waiver of the right to

appeal questions of fact.

Mail your objections and/or request for a hearing to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.    Introduction:**

Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), brings this action pro se under 42 U.S.C. § 1983 (docket entry #2), along with a motion for leave to proceed *in forma pauperis* (#1).  For the following reasons, this Court recommends that Plaintiff's Complaint (#2) be DISMISSED with PREJUDICE for failure to state a claim for relief, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot.  In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

**III.    Background:**

Plaintiff alleges that on March 30, 2009, he was sexually harassed in the isolation shower while washing off pepper spray.[1]  Plaintiff alleges that three inmates and three ADC officers, Defendants Washington, Wilson, and Giddens, stared in his shower to "penetrate on [his] private parts." (#2, p. 5)  Plaintiff states that an unidentified female officer began "implying sexual remarks towards [him] by telling [the Defendants] to look at [his] penis so that she could seize (sic) [his] body up."  (#2, p. 5)  Plaintiff does not allege that the female officer could see him.  Plaintiff states that during this time, Defendant Washington paced back and forth in front of his shower while isolation

---

[1] It does not appear that Plaintiff is raising a claim regarding the use of pepper spray in this action.

inmates laughed about what was occurring. Plaintiff does not allege that he was touched or physically assaulted. Plaintiff states that he was forced to keep a big towel around him during the shower.

Plaintiff attached several grievances to his Complaint. One grievance addresses the claims Plaintiff raises in this action (#2, p. 7-10). In one grievance, Plaintiff alleges that he was physically raped on October 13, 2008, by Defendant Washington (#2, p. 17). In another grievance, Plaintiff alleges that he was kidnapped and improperly housed by Defendant Washington on November 21, 2008 (#2, p. 13). In another grievance, Plaintiff alleges that he was "raped" on March 25, 2009, again by Defendant Washington. Plaintiff describes the "rape" as being visually observed through a window while showering (#2, p. 15). The October and November 2008 incidents do not appear related to any of the allegations Plaintiff describes in his Complaint (#2, p. 5). Accordingly, they are not addressed in this case. If Plaintiff wishes to raise these claims he must file separate lawsuits regarding those allegations.

## IV.   Discussion:

### A.   *Standard*

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C § 1915A(b).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. The Court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even so, a plaintiff must plead facts with enough specificity so as "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[ ] claims across the line from conceivable to plausible." *Id*. at 1974. Even construing the Complaint in this case liberally, it fails to state a claim upon which relief may be granted.

B. *Sexual Harassment*

Because sexual harassment of an inmate by a corrections officer never serves a legitimate penological purpose, such harassment may constitute the "unnecessary and wanton infliction of pain" forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted

4

with a sufficiently culpable state of mind." *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999-1000 (1992).

In the present case, Plaintiff alleges that he was verbally harassed by ADC officers and inmates while showering. Verbal sexual harassment, however, does not violate an inmate's constitutional rights. *Austin v. Terhune*, 367 F.3d 1167, 1171-72 (9th Cir. 2004). "[S]exual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain" so as to state an Eighth Amendment claim. *Howard v. Everett*, 208 F.3d 218, *1 (unpub. table op.) (8th Cir. 2000) (citing *Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995)). Plaintiff does not allege that any physical contact occurred during the verbal harassment. Accordingly, while the Court finds the conduct, if it occurred, both disgusting and unprofessional, it falls short of stating a constitutional claim.

## V.   Conclusion:

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED WITH PREJUDICE, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 28th day of August, 2009.

_____

UNITED STATES MAGISTRATE JUDGE